No. 34.—WILLIAM E. JACKSON & Co. plaintiffs in error, vs. WILLIAM COX, Sheriff, defendant.

[1.] A defendant arrested under *ca. sa.* and allowed prison bounds under the Statute, is still in the custody of the Sheriff, and he must place him in confinement at the end of six months, without any special order.

Rule *nisi*, in Gilmer Superior Court. Decided by Judge WRIGHT.

The plaintiffs in error had caused one William T. Banks to be arrested under a *ca. sa.* by the former Sheriff, and Banks had given bond and was allowed the benefit of prison bounds under the Statute.

Before six months from that time had expired, the defendant in error became Sheriff, and at the end of the six months from the time that said Banks had been allowed prison bounds, Cox failed to place him in close custody, but suffered him to remain in prison bounds.

Plaintiffs moved a rule, that Cox should pay their debt, which the Court refused, holding that they should have notified the Sheriff to take Banks into close custody if they desired him to do so.

To which decision, plaintiffs in error excepted.

MARTIN, for plaintiff in error.

OVERBY, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the Act of 1820, (*Prince*, 289) any person arrested and committed to jail upon civil process, upon giving security to keep within prison bounds, shall have liberty to remain therein without the jail, for six calendar months, and no longer. I cite the substance of what the Statute was intended to be, and

not what is; for by reference to it, it will be found that it is, by implication only, that we arrive at its meaning.

The question made by the record before us is, whether at the expiration of the *six months*, it is the duty of the Sheriff, or other arresting officer, to re-commit the prisoner to jail, without first obtaining a special order from the Court for that purpose.

We believe that the Sheriff is bound to re-commit the prisoner, and that he will make himself personally liable if he fails to do so. 2 *Tuck. Com.* 351.

The prison bounds established by the Statute, are to be considered an extension of the four walls of the jail, and the party within the ten acres is, to every legal intent, a prisoner still in the custody of the officer under the *ca. sa.* There is, therefore, no *new* arrest, but a mere return to the close confinement which was suspended for a limited period, by operation of the bond. *Butley vs. Calton et. al.* 1 *Ohio Rep.* 25.

Were a special order of the Court necessary, the liberty of the bounds, instead of being limited, as it is by law, to *six calendar months*, would, in almost every case, be extended to a longer period; and should the arrest be immediately ensuing a term of the Court, it might reach almost to one year, and thus defeat the express provision of the Statute. No construction, therefore, can be maintained which will produce such a result.

Judgment reversed.